```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MASSACHUSETTS
```

SHAWNA BLISS,                      )
        Plaintiff                  )
                                   )
             v.                    )   C.A. No. 12-cv-30166-MAP
                                   )
THE CITY OF PITTSFIELD, ANDREW     )
COUTURE, individually and in       )
his official capacity,             )
CHERYL BELKNAP, individually       )
and in her official capacity,      )
and JOHN DOE,                      )
        Defendants                 )


<u>MEMORANDUM AND ORDER REGARDING</u>
<u>DEFENDANTS' MOTION TO DISMISS</u>
(Dkt. No. 8)

September 30, 2013

**PONSOR, U.S.D.J.**

　　Defendant officers of the Pittsfield Police Department arrested Plaintiff for allegedly participating in a kidnap and assault.  These charges were later dismissed, and Plaintiff has now brought suit against the individual officers and the City of Pittsfield.  Counts I through III offer claims under 42 U.S.C. § 1983, while Counts IV through VIII are state law claims.  Defendants filed a Motion to Dismiss anchored mainly upon the existence of probable cause to support Plaintiff's arrest.

　　The Motion to Dismiss must be allowed.  The detailed written statement given by the alleged victim of the

kidnapping, Rebecca Burnham, provides precisely the sort of common sense basis for a finding of probable cause consistently recognized by the courts as sufficient. <u>See e.g.</u>, <u>Forest v. Pawtucket Police Dep't</u>, 377 F.3d 52, 56-57 (1st Cir. 2004).  The statement confirms the force used to apprehend Burnham and compel her into a vehicle.  It details threats with a butcher knife.  Many of the crucial details were also confirmed by Plaintiff's alleged co-conspirator, Kimberly Brasie.  Certain details, such as the fact that the physical injuries to Burnham were not noted in the record, are simply insufficient to undermine the existence of probable cause in this case.

This conclusion is particularly compelling in the context of the federal civil rights and state civil rights claims, where the individual Defendants enjoy qualified immunity, even where "the presence of probable cause is arguable or subject to legitimate question . . .," <u>Cox v. Hainey</u>, 391 F.3d 25, 31 (1st Cir. 2004)(citation omitted); <u>see</u> <u>also</u> <u>Duarte v. Healy</u>, 405 Mass. 43 (1989)(applying § 1983 qualified immunity principles to MCRA claims).  The presence of arguable probable cause is sufficient to compel dismissal of Counts I and II, the § 1983 claims against the individual officers, and Count VII, the Massachusetts Civil Rights Act claims.  Equally importantly, however, even

without the qualified immunity defense, the existence of probable cause is fatal to the claims in Counts IV, V, and VI, asserting false imprisonment, intentional infliction of emotional distress, and assault and battery. See e.g., Godette v. Stanley, 490 F. Supp. 2d 72, 81 (D. Mass. 2007); Sietins v. Joseph, 238 F. Supp. 2d 366, 381 (D. Mass. 2003); Julian v. Rondazzo, 380 Mass. 391, 396 (1980).

Although the City of Pittsfield enjoys no qualified immunity defense, the allegations of the complaint are completely inadequate to support a claim under Monell v. Dep't of Social Services, 436 U.S. 658, 590-95 (1978). Any suggestion that this sole incident of an alleged constitutional violation stemmed from some City policy of failing to train or supervise the officers is purely speculative. Without any facts identifying a relevant City policy or act, the Monell claim, Count III, simply cannot survive.

Finally, the facts are also insufficient to justify any claim for violation of Plaintiff's rights to privacy as raised in Count VIII. Merely stating that Plaintiff had a right to be free in her private affairs is insufficient to state a claim, on the alleged facts, either under the common law or under Mass. Gen. Laws ch. 214, § 1B.

For the foregoing reasons, Defendants' Motion to

**Dismiss (Dkt. No. 8) is hereby ALLOWED with regard to all counts. The clerk will enter judgment for Defendants. This case may now be closed.**

 **It is So Ordered.**

         /s/ Michael A. Ponsor
         **MICHAEL A. PONSOR**
         **U. S. District Judge**